| | |
|---|---|
| MICHAEL SEAN GIANAKOS, | Case No.: 1:21-cv-01056-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | |
| Respondent. | [THIRTY-DAY OBJECTION DEADLINE] |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is in the custody of the Bureau of Prisons at the Federal Correctional Institute in Mendota, California. He filed the instant federal petition on July 6, 2021, challenging his conviction in the United States District Court for the District of North Dakota. For reasons that follow, the Court will recommend that the petition be SUMMARILY DISMISSED.

**BACKGROUND**

On May 12, 2003, Petitioner was found guilty of kidnapping resulting in death (18 U.S.C. § 1201(a)(1)) in the United States District Court for the District of North Dakota. United States v. Gianakos, Case No. 3:02-cr-00044-DLH-1 (D.N.D. 2003). On July 18, 2003, Petitioner was sentenced to a term of life imprisonment. Id.

1

On July 30, 2003, Petitioner appealed his conviction and sentence to the Eighth Circuit Court of Appeals. United States v. Gianakos, 415 F.3d 912 (8th Cir. 2005). On July 26, 2005, the Eighth Circuit affirmed the judgment. Id. Petitioner sought a writ of certiorari, and the United States Supreme Court denied the petition on November 28, 2005. Gianokos v. United States, 546 U.S. 1045 (2005).

On November 27, 2006, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. United States v. Gianakos, 2007 WL 3124686 (D.N.D. 2007). On October 23, 2007, the motion was denied. Id. On October 31, 2007, Petitioner appealed to the Eighth Circuit, and the Eighth Circuit affirmed the judgment on March 25, 2009. Gianakos v. United States, 560 F.3d 817 (8th Cir. 2009).

On July 6, 2012, Petitioner filed a motion for reconsideration of the order denying the § 2255 motion. United States v. Gianakos, Case No. 3:02-cr-00044-DLH-1 (D.N.D. 2003) (Doc. 239). The motion was denied on July 19, 2012. United States v. Gianakos, Case No. 3:02-cr-00044-DLH-1 (D.N.D. 2003) (Doc. 240).

On August 10, 2012, Petitioner filed a Rule 60(b) motion in the United States District Court for the District of North Dakota. United States v. Gianakos, 2012 WL 13221049 (D.N.D. 2012). The district court denied the motion on December 13, 2012. Id. Petitioner filed his second Rule 60(b) motion on February 13, 2013, which the district court denied on February 15, 2013. United States v. Gianakos, 2013 WL 12484982 (D.N.D. 2013.) Petitioner filed a third Rule 60(b) motion on March 16, 2015, which the district court denied on April 16, 2015. United States v. Gianakos, Case No. 3:02-cr-00044-DLH-1 (D.N.D. 2003) (Docs. 266, 267).

On March 12, 2018, Petitioner filed a "Motion for Appointment of Counsel Due to Newly Discovered Evidence" in the United States District Court for the District of North Dakota. United States v. Gianakos, 2018 WL 11308714 (D.N.D. 2018). The motion was denied on March 13, 2018. Id.

Petitioner petitioned for authorization to file a second or successive § 2255 motion in the Eighth Circuit Court of Appeals, and the petition was denied on October 10, 2018. United States v. Gianakos, Case No. 3:02-cr-00044-DLH-1 (D.N.D. 2003) (Doc. 271).

On August 10, 2020, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in the United States District Court for the District of North Dakota. United States v. Gianakos, 2020 WL 6152359 (D.N.D. 2020). The motion was denied on October 20, 2020. Id. Petitioner appealed to the Eighth Circuit Court of Appeals, and the district court's decision was affirmed on November 4, 2020. United States v. Gianakos, Case No. 3:02-cr-00044-DLH-1 (D.N.D. 2003) (Docs. 281, 283).

On July 6, 2021, Petitioner filed the instant habeas petition. (Doc. 1.) He claims his sentence is illegal because there were no actual findings as to what he was convicted at his trial. (Doc. 1 at 2.) He further claims he was sentenced to a count that was dismissed. (Doc. 1 at 2.)

**DISCUSSION**

I. Screening of Petition

Rule 4 of the Rules Governing Section 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8. The Court will exercise its authority under Rule 4 in recommending dismissal of the petition.

II. Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

3

by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315

F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

Here, Petitioner is claiming that his sentence is illegal because he was sentenced to a count that was dismissed. Petitioner is challenging the validity and constitutionality of his conviction as imposed by the United States District Court for the District of North Dakota. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the North Dakota District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner has sought and been denied relief under § 2255. Therefore, he seeks to challenge his conviction by way of the savings clause. Habeas relief pursuant to Section 2241 is unavailable, however, because Petitioner fails to demonstrate actual innocence, and he has had numerous unobstructed procedural opportunities to present his claim.

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id.

Petitioner concedes that he was found guilty of kidnapping resulting in death. This is fatal to his claim of actual innocence. Nevertheless, he claims that this count was previously dismissed, and therefore, he could not be convicted on this count. Petitioner's argument is meritless. As noted by the Eighth Circuit Court of Appeal:

> On July 19, 2002, a federal grand jury returned a four-count indictment against Petitioner, charging him with conspiracy to commit kidnapping with death resulting, in violation of 18 U.S.C. § 1201(c); kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1); using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1); and causing death by use of a firearm in violation of 18 U.S.C. § 924(j)(1). Counts one and three were dismissed by the return of a two-count superseding indictment against Michael. Michael entered a plea of not guilty to the superseding indictment. A jury found Michael guilty of kidnapping resulting in death. The jury was unable to reach a verdict on the charge of causing death by use of a firearm.

United States v. Gianakos, 415 F.3d 912, 918 (8th Cir. 2005). Thus, the count was dismissed but only because it was superseded by a two-count indictment. The dismissal by superseding indictment did not absolve Petitioner of any offense. Petitioner fails to demonstrate actual innocence as articulated in Bousley and thus cannot invoke the escape hatch exception of Section 2255.

B. Unobstructed Procedural Opportunity

Petitioner fails to demonstrate that he did not have an unobstructed procedural opportunity to present his claims. The claims stem from the jury instructions and verdict forms used at trial. The bases for his claims were clearly available at the time of trial and thereafter when he filed his numerous appeals, motions, and petitions. Nothing stood in Petitioner's way from challenging his conviction during these applications for relief.

III. Summary

Petitioner fails to demonstrate actual innocence or that he has never had an unobstructed procedural opportunity to present his claims. See Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; accord Marrero, 682 F.3d at 1192. He fails to show that § 2255 is an inadequate or ineffective remedy. The petition should therefore be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file

objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 9, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE